IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02743-PAB

AARON VELASCO-RAMIREZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center,
DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States ) in their official capacities,
     Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Aaron Velasco-Ramirez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and Motion for Temporary Restraining Order [Docket No. 8].  Respondents filed a response. Docket No. 10.

## I.    BACKGROUND[1]

Petitioner arrived in the United States without inspection in approximately January 2022 and did not encounter immigration authorities upon his entry.  Docket No. 1 at 1-2, ¶ 1.  On April 11, 2026, petitioner was detained by Immigration and Customs Enforcement after he was stopped for a traffic offense in Rock Springs, Wyoming.  *Id.* at 2, ¶ 2.  That same day, petitioner was served with a Notice to Appear that charged him

---

[1] The following facts are undisputed unless otherwise noted.

as removable.  *Id.*, ¶ 3.  On May 20, 2026, petitioner filed an application for asylum and withholding of removal, which remains pending.  *Id.*, ¶ 4.  Petitioner is detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.*, ¶ 5.

On June 18, 2026, petitioner filed a writ for petition of habeas corpus, alleging a violation of his substantive due process rights under the Fifth Amendment of the United States Constitution (Count I); violation of his procedural due process rights under the Fifth Amendment (Count II); for unlawful arrest under the Fourth Amendment (Count III); and violation of the Immigration and Nationality Act ("INA") (Count IV).  *See id*. at 7-15.  Among other forms of relief, petitioner requests a bond hearing.  *See id.* at 15-16.

## II.    ANALYSIS

Respondents state that, "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."  Docket No. 10 at 1.  Moreover, the Tenth Circuit has held that respondents may not detain noncitizens, like petitioner, who are apprehended within the interior of the country pursuant to 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention provision because such noncitizens are not "seeking admission."  *See Santillan Quiroz v. Mullin*, ---F.4th ----, 2026 WL 1876709, at *6 (10th Cir. June 30, 2026).  Rather, these noncitizens are subject to 8 U.S.C. § 1226(a) and are therefore entitled to a bond hearing.  *See id.* at *17 n.13.

Accordingly, the Court will grant the petition and order respondents to provide petitioner a bond hearing[2] within seven days of this order.[3]

### III.   CONCLUSION

Therefore, it is

**ORDERED** that petitioner Aaron Velasco-Ramirez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**.  It Is further

**ORDERED** that petitioner Aaron Velasco-Ramirez's Motion for Temporary Restraining Order [Docket No. 8] is **DENIED as moot**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the

---

[2] Rather than order petitioner's release, the Court will order respondents to provide petitioner a bond hearing.  *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court.").  Petitioner requests an "[o]rder that Respondents cannot re-detain Petitioner without notice and a pre-deprivation hearing before this Court where the government bears the burden of justifying re-detention by clear and convincing evidence."  Docket No. 1 at 16.  The Court find that petitioner has not clearly established the necessity of granting this injunctive relief.  *See De La Cruz v. Baltazar*, 2026 WL 439217, at *5 (D. Colo. Feb. 17, 2026).

[3] Because the Court will grant the habeas petition on the basis of petitioner's INA claim, it will not reach petitioner's remaining claims and requests for relief.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado. *See* Docket No. 1 at 16.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

government shall bear the burden of proving that petitioner's continued detention is justified.[4]  It is further

ORDERED that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED July 9, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4] The burden of proof at the bond hearing will be on the government.  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("the weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing") (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").